AKRON BAR ASSOCIATION *v.* HOFFER.

[Cite as *Akron Bar Assn. v. Hoffer* (1999), 86 Ohio St.3d 97.]

(No. 98–2640—Submitted May 4, 1999—Decided July 7, 1999.)

· *Brouse & McDowell* and *Marc B. Merklin; Lee Peterson; James M. Campbell;* and *Michael C. Scanlon,* for relator.

*James E. Banas* and *Gregg A. Manes,* for respondent.

**Per Curiam.** We adopt the findings, conclusions, and recommendation of the board. "[W]hen an attorney engages in a course of conduct that violates DR 1–102(A)(4), the attorney will be actually suspended from the practice of law for an appropriate period of time." *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 191, 658 N.E.2d 237, 240. Here, respondent's repeated deceit regarding the arbitration proceedings constitutes a "course of conduct" rather than an isolated act and consequently warrants an actual suspension from the practice of law. See, *e.g., Cincinnati Bar Assn. v. Caliman* (1998), 83 Ohio St.3d 461, 700 N.E.2d 857. Sleep apnea does not exonerate respondent from punishment for his acts of deceit. See *Cleveland Bar Assn. v. Knowlton* (1998), 81 Ohio St.3d 76, 689 N.E.2d 538. The panel's recommendation of a stayed suspension, which the board properly rejected, did not follow the *Fowerbaugh* prescription of an "actual suspension." *Caliman,* 83 Ohio St.3d at 462, 700 N.E.2d at 857.

Accordingly, we suspend respondent from the practice of law in Ohio for one year, with six months of the suspension stayed on the conditions that respondent's office practice be monitored for six months, that respondent obtain certification by a physician that his medical condition has been treated and no longer poses any interference with his ability to practice law in Ohio, that respondent attend an additional six hours of continuing legal education on ethics and professional responsibility in addition to his regular CLE requirements, that

respondent reimburse DES for the $1,568.78 in costs in connection with the dismissal of the arbitration proceedings, and that respondent return the $160 retainer to Stevens. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.