[This decision has been published in *Ohio Official Reports* at 86 Ohio St.3d 97.]

AKRON BAR ASSOCIATION *v.* HOFFER.

[Cite as *Akron Bar Assn. v. Hoffer* (1999), 86 Ohio St.3d 97.]

*Attorneys at law—Misconduct—One-year suspension with six months of suspension stayed on conditions—Neglecting entrusted legal matters—Failing to seek lawful objectives of clients—Failing to carry out contracts of employment—Prejudicing or damaging client during course of professional relationship—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in conduct adversely reflecting on fitness to practice law—Failing to promptly return client's files upon request—Failing to cooperate in disciplinary investigation.*

(No. 98-2640—Submitted May 4, 1999—Decided July 7, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-49.

_____

{¶ 1} On December 9, 1997, relator, Akron Bar Association, filed an amended complaint charging respondent, Paul R. Hoffer of Akron, Ohio, Attorney Registration No. 0024962, with violating several Disciplinary Rules and a Rule for the Government of the Bar. After respondent answered, the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} Based on the stipulations, exhibits, and testimony of the parties, the panel found that in March 1996, the Akron Health Department ordered Sheralynn Y. Stevens to repair the roof on her house, which she owned subject to a mortgage. When the mortgagee learned of the repair order, it refused to accept any more mortgage payments from Stevens and filed a foreclosure action in July 1996. After the health department issued an order to raze the house, Stevens retained respondent and paid him $160 to file for an injunction to prevent the city from demolishing her house while she made arrangements to have her roof fixed. Respondent did not file the action nor did he subsequently advise Stevens that he had not filed it. On January 4, 1997, Stevens entered into a contract to sell her home, and the purchaser sent a facsimile copy of the contract to respondent. Respondent did not contact either the health department or the mortgagee, and on January 7, the city razed the house. When Stevens informed respondent, he admitted that he had never filed the injunction action. The panel concluded that respondent's conduct violated DR 6-101(A)(3) (neglecting an entrusted legal matter), 7-101(A)(1) (failing to seek lawful objectives of client), 7-101(A)(2) (failing to carry out a contract of employment), and 7-101(A)(3) (prejudicing or damaging client during course of professional relationship).

{¶ 3} The panel additionally found that in 1990, the partners of Didado Energy Systems ("DES") retained respondent to represent DES in a contract dispute and to institute a replevin action against Lamson & Sessions Co., d.b.a. Kent Machine. Respondent filed suit and obtained a common pleas court judgment in favor of DES, but the judgment was reversed on appeal because the court of appeals determined that the contract dispute was subject to arbitration.

{¶ 4} DES retained respondent and another attorney to handle the arbitration proceedings, and in 1994, the arbitrator ordered that if respondent did not file a brief electing remedies for DES

by July 15, 1994, the arbitration would be dismissed without prejudice. Respondent did not file the brief and did not notify DES or its partners that the brief had not been filed. In October 1994, the American Arbitration Association ("AAA") informed respondent that the case would be closed unless it was advised otherwise within ten days. Respondent took no action, and the AAA notified him that the case had been dismissed for inaction. Respondent did not inform DES or its partners of the dismissal, and when Gary Didado, one of the DES partners, contacted respondent, he represented to Didado that "things were progressing."

{¶ 5} In May 1996, Didado discovered that the arbitration had been dismissed for inaction in October 1994. Nevertheless, through 1997, respondent repeatedly asserted to Didado that the arbitration had been voluntarily dismissed without prejudice despite knowing that it had been dismissed due to his inaction. Respondent also failed to promptly return all of the files concerning his representation of DES despite Didado's numerous requests. DES subsequently refiled the arbitration proceeding and received a significant award. After Didado filed a grievance against respondent, respondent did not respond to the initial investigative inquiries by relator. The panel concluded that respondent's conduct violated DR 6-101(A)(3), 7-101(A)(1) and (2), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(6) (engaging in conduct that adversely reflects on lawyer's fitness to practice law), 9-102(B)(4) (failing to promptly return client's files upon request), and Gov.Bar R. V(4)(G) (failing to cooperate in a disciplinary investigation).

{¶ 6} In mitigation, the panel found that, as respondent testified, his office procedures had been lax and he had failed to follow up with his clients concerning his representation. It noted that since the disciplinary proceeding began, respondent had entered into an office sharing arrangement with other attorneys and that he had hired his own secretary to help alleviate some of his previous office management problems. The panel found that respondent also suffered from sleep apnea, which contributed to some of his forgetfulness and neglect, and that he was being treated for this condition.

{¶ 7} The panel recommended that respondent receive a six-month suspension from the practice of law in Ohio, with the entire suspension stayed on the conditions that respondent's office practice be monitored for six months, that respondent obtain certification by a physician that his medical condition has been treated and no longer poses any interference with his ability to practice law in Ohio, that respondent attend an additional six hours of continuing legal education on ethics and professional responsibility in addition to his regular CLE requirements, that respondent reimburse DES for the $1,568.78 in costs in connection with the dismissal of the arbitration proceedings, and that respondent return the $160 retainer to Stevens. The board adopted the findings and conclusions of the panel but recommended a harsher sanction because it found respondent's acts concerning the Didado matter to be deceitful. The board recommended that respondent be suspended from the practice of law in Ohio for one year, with six months of the suspension stayed upon the conditions recommended by the panel.

_____

*Brouse & McDowell* and *Marc B. Merklin; Lee Peterson; James M. Campbell;* and *Michael C. Scanlon*, for relator.

*James E. Banas* and *Gregg A. Manes*, for respondent.

_____

**Per Curiam.**

{¶ 8} We adopt the findings, conclusions, and recommendation of the board. "[W]hen an attorney engages in a course of conduct that violates DR 1-102(A)(4), the attorney will be actually suspended from the practice of law for an appropriate period of time." *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 191, 658 N.E.2d 237, 240. Here, respondent's repeated deceit regarding the arbitration proceedings constitutes a "course of conduct" rather than an isolated act and consequently warrants an actual suspension from the practice of law. See, *e.g., Cincinnati Bar Assn. v. Caliman* (1998), 83 Ohio St.3d 461, 700 N.E.2d 857. Sleep apnea does not exonerate respondent from punishment for his acts of deceit. See *Cleveland Bar Assn. v. Knowlton* (1998), 81 Ohio St.3d 76, 689 N.E.2d 538. The panel's recommendation of a stayed suspension, which the board properly rejected, did not follow the *Fowerbaugh* prescription of an "actual suspension." *Caliman*, 83 Ohio St.3d at 462, 700 N.E.2d at 857.

{¶ 9} Accordingly, we suspend respondent from the practice of law in Ohio for one year, with six months of the suspension stayed on the conditions that respondent's office practice be monitored for six months, that respondent obtain certification by a physician that his medical condition has been treated and no longer poses any interference with his ability to practice law in Ohio, that respondent attend an additional six hours of continuing legal education on ethics and professional responsibility in addition to his regular CLE requirements, that respondent reimburse DES for the $1,568.78 in costs in connection with the dismissal of the arbitration proceedings, and that respondent return the $160 retainer to Stevens. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____