TOLEDO BAR ASSOCIATION *v.* POMMERANZ.

[Cite as *Toledo Bar Assn. v. Pommeranz* (2001), 93 Ohio St.3d 139.]

(No. 01–387—Submitted April 25, 2001—Decided August 15, 2001.)

*Per Curiam.* In 1996, Yvonne Mills retained respondent, Melvin R. Pommeranz of Toledo, Ohio, Attorney Registration No. 0031840, to represent her in recouping from her former husband past-due child support for medical bills for one of her children. On September 24, 1997, the action brought by respondent on behalf of Mills resulted in a consent agreement being read into the record of the Lucas County Common Pleas Court, Division of Domestic Relations. The agreement provided that the former husband would pay Mills $4,000 and that he would pay the child support arrearage by paying an additional $40 per week. Respondent failed to file an entry journalizing the agreement, and Mills's action was dismissed in December 1997. After he discovered the dismissal, respondent failed to take any steps to have the matter reinstated. Mills finally employed new counsel who eventually settled the matter. But as a result of respondent's failure to act, Mills lost $1,200 in child support and was required to pay her new attorney $300 in fees.

Based on a grievance filed by Mills, relator, Toledo Bar Association, filed a complaint against respondent alleging that his failures to act violated several Disciplinary Rules of the Code of Professional Responsibility. Respondent answered and the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

Based on testimony and stipulations submitted at a hearing on November 9, 2000, the panel found the facts as stated and concluded that respondent's conduct violated DR 6–101(A)(3) (a lawyer shall not neglect an entrusted legal matter) and 7–101(A)(1) (a lawyer shall not fail to seek the lawful objectives of a client). In mitigation, the panel found that respondent admitted his failure to properly attend to Mills's case and that he had previously undergone psychological counseling for his inability to attend to all the matters of his practice. The panel recommended that respondent be suspended from the practice of law for one year with six months stayed, followed by one year of probation monitored by relator. In addition, the panel recommended that during his time of suspension and probation respondent continue psychological counseling and further that respondent pay $1,200 in restitution to Mills and $300 for the legal fees she incurred.

The board adopted the findings, conclusions, and recommendation of the panel.

Having reviewed the record, we adopt the findings, conclusions, and recommendations of the board. Respondent is hereby suspended from the practice of law for one year with six months stayed, followed by one year of probation monitored

by relator. In addition, during his time of suspension and probation respondent shall continue psychological counseling. Respondent shall also within ninety days of this order pay $1,200 in restitution to Mills and $300 for the legal fees she incurred. Failure of respondent to meet these conditions will result in an actual suspension of one year. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., not participating.

---

*C. William Bair*, for relator.
*Melvin R. Pommeranz*, pro se.