This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Noreen Snively, appeals the decision of the Medina Municipal Court denying her Civ.R. 60(B)(5) motion for relief from judgment. We affirm.
 I.
On April 7, 1998, appellee, Alan Parkhurst, filed a complaint in the trial court against Ms. Snively to recover his portion of the investment in the Cuyahoga Falls School of Floral Design, a business the two entered without a written agreement. Because Ms. Snively failed to answer the complaint, the trial court granted a default judgment to Mr. Parkhurst on May 28, 1998.
Ms. Snively filed a motion to vacate the judgment under Civ.R. 60(B)(5) on February 17, 2000, one year and eight months after the default judgment had been entered. In her motion to dismiss, Ms. Snively asserts that her first attorney acted with gross negligence and abandonment, and this constituted extraordinary circumstances requiring relief.[1]
A magistrate for the Medina Municipal Court denied the motion to vacate on December 4, 2000, on the grounds that the motion was not timely filed in accordance with Civ.R. 60(B)(5). On February 20, 2001, the trial court upheld the magistrate's order to enforce the default judgment against Ms. Snively, in the amount of Five Thousand Three Hundred Forty Dollars and 20/100 ($5,340.20). This appeal followed.
 MS. SNIVELY ASSERTS A SINGLE ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED IN AFFIRMING THE MAGISTRATE'S DECISION THAT APPELLANT DID NOT FILE HER MOTION TO VACATE WITHIN A REASONABLE TIME PURSUANT TO CIV. R. 60(B)(5).
In her sole assignment of error, Ms. Snively argues that she is entitled to relief from the default judgment, because she timely filed a motion to vacate pursuant to Civ.R. 60(B)(5). We disagree.
The proper standard of review of a trial court's decision on a Civ.R. 60(B)(5) motion is abuse of discretion. Strack v. Pelton (1994),70 Ohio St.3d 172, 174. The reviewing court may not overturn a trial court's decision in this instance unless the decision represents an abuse of discretion. Quebodeaux v. Quebodeaux (1995), 102 Ohio App.3d 502,504. An abuse of discretion is not simply an error in judgment or law, but represents the trial court's attitude as "unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Civ.R. 60(B) states that
 [o]n a Motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The Motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.
The moving party must meet the following three-pronged test in order to prevail on a Civ.R. 60(B) motion:
 (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. All of the requirements must be met for the motion to be granted. Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 20.
"Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment." Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64,66. The moving party must have substantial grounds to properly invoke Civ.R. 60(B)(5). Id. Civ.R. 60(B)(5) should not be used as a substitute for the provisions of (1), (2), or (3). Id. Relief under Civ.R. 60(B)(5) should only be granted for an "extraordinary and unusual case[.]" Adomeitv. Baltimore (1974), 39 Ohio App.2d 97, 105.
Ms. Snively asserts that the trial court should have granted her request to vacate the default judgment pursuant to Civ.R. 60(B)(5) because of the gross negligence of her first attorney. Attorney neglect can be excusable, but the motion on these grounds should be filed under 60(B)(1). See GTE, 47 Ohio St.2d at 151. It appears that Ms. Snively filed her motion under Civ.R. 60(B)(5) in order to avoid the one year deadline for filing under 60(B)(1). Considering her request under 60(B)(1), Ms. Snively's motion was not timely filed. She waited fifteen months after the default judgment was entered before she hired a new attorney and waited an additional six months before she filed her motion to vacate. Aside from claiming neglect of her first attorney and the need to obtain business records,[2] Ms. Snively presents no other evidence on appeal to show the reasonableness of her delay in responding to the complaint or to the default judgment.
As stated above, Civ.R. 60(B)(5) is reserved for extraordinary circumstances and will not be used as a substitute for provisions (1), (2), or (3). Caruso-Ciresi, Inc., 5 Ohio St.3d at 66; Adomeit,39 Ohio App.2d at 105.
Turning to Civ.R. 60(B)(5), we find no grounds for relief under this section either. If the actions of Ms. Snively's attorney did rise to more than negligence and were inexcusable, they are still not grounds for relief under Civ.R. 60(B)(5), as inexcusable neglect of an attorney will be imputed to the client. GTE, 47 Ohio St.2d at 153. Just as in the instant case, the appellant in GTE was asking for relief under Civ.R. 60(B)(5), but the court found no circumstances in the case to warrant a claim under that section and considered the motion under Civ.R. 60(B)(1) instead. Id. at 151. We find similar circumstances in this case and do not find that inexcusable attorney neglect is grounds for vacating a judgment under Civ.R. 60(B)(5). We believe that GTE is properly applied to this case.
 "There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have `notice of all facts, notice of which can be charged upon the attorney.'"
Id. at 152, quoting Link v. Wabash R. R. Co. (1962), 370 U.S. 626,633-34, 8 L.Ed.2d 734, 740.[3]
In the present case, Ms. Snively had sufficient notice that Mr. Hoffer was not attending to the details of her business or this lawsuit. Even before the lawsuit commenced, Mr. Hoffer never finalized the partnership agreement, leaving Ms. Snively and Mr. Parkhurst to operate their business without an agreement for seven months. Ms. Snively admitted that she was properly served with the complaint and was aware of the judgment against her. During 1999, she attended two hearings regarding the enforcement of the judgment, and she was informed of a lien against her home due to the judgment. Still, she did not hire another attorney until August 1999. For well over a year, Ms. Snively failed to take action to protect herself against this judgment.
Viewing the record before us, we do not find that Ms. Snively has met any of the three requirements for granting relief under Civ.R. 60(B), nor do we find this to be an "extraordinary" or "unusual" case meriting relief from the judgment. See Adomeit, 39 Ohio App.2d at 105. Furthermore, under the facts of this case, one year and eight months after the entry of the default judgment is not a reasonable period of time under Civ.R. 60(B). See Mt. Olive Baptist Church v. Pipkins Paints Home Improvement Ctr., Inc. (1979), 64 Ohio App.2d 285, 289.
Accordingly, we hold that the trial court did not abuse its discretion in finding the motion to vacate was not filed within a reasonable amount of time. Ms. Snively's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM G. BATCHELDER, SLABY, J., CARR, J. CONCUR.
[1] On July 7, 1999, Ms. Snively's first attorney, Mr. Hoffer, was suspended from the practice of law for, inter alia, neglecting an entrusted legal matter. See Akron Bar Assn. v. Hoffer (1999),86 Ohio St.3d 97. The record does not show whether Ms. Snively filed a grievance against Mr. Hoffer.
[2] Ms. Snively's new attorney filed an "Action for Accounting" complaint against Mr. Parkhurst in the Summit County Court of Common Pleas on August 23, 1999, in order to determine if she had a meritorious defense for the Civ.R. 60(B) motion. A motion to withdraw this complaint was filed on March 22, 2000.
[3] Even if Ms. Snively has a valid malpractice claim against her first attorney, that would not affect the outcome of this case. "`[I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping this suit alive merely because * * * [defendant] should not be penalized for the omissions of his own attorney would be visiting the sins of * * * [defendant's] lawyer upon the * * * [plaintiff].'" (Alterations original and emphasis sic.) GTE AutomaticElectric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 152, quoting Link v. Wabash R. R. Co. (1962), 370 U.S. 626, 634,8 L.Ed.2d 734, 740, fn. 10.