OFFICE OF DISCIPLINARY COUNSEL *v.* TRENEFF.

[Cite as *Disciplinary Counsel v. Treneff,*
98 Ohio St.3d 348, 2003-Ohio-1011.]

(No. 2002–1781—Submitted January 8, 2003—Decided March 19, 2003.)

**Per Curiam.**

{¶ 1} Respondent, Randall C. Treneff of Columbus, Ohio, Attorney Registration No. 0042588, was admitted to the practice of law in Ohio on November 6, 1989. In an amended complaint filed August 19, 2002, relator, Disciplinary Counsel, charged respondent with four counts of professional misconduct. A panel of the Board of Commissioners on Grievances and Discipline heard the matter and adopted the parties' comprehensive stipulations as its findings of fact. Those stipulations include the following.

{¶ 2}  With respect to the first count of misconduct, a client retained respondent in May 2000 to represent him in a criminal case pending before an Ohio court of appeals.  The client paid respondent $3,000.  However, on May 31, 2000, we placed respondent on an interim suspension from the practice of law pursuant to Gov.Bar R. V(5)(A)(1)(b) for being in default of a child support order.  *In re Treneff* (2000), 89 Ohio St.3d 1416, 729 N.E.2d 386.

{¶ 3}  Respondent's suspension lasted just over one month and was lifted on July 6, 2000.  *In re Treneff* (2000), 89 Ohio St.3d 1438, 731 N.E.2d 182.  But in that amount of time, respondent disobeyed our order.  He did not return the client's papers and unearned fees as required by Gov.Bar R. V(8)(E)(1)(b) and (c).  Moreover, while respondent advised his client that he would substitute another attorney to pursue the client's appeal during his suspension and would resume the client's representation when it ended, he filed a number of documents that he had prepared before his suspension, including a motion for delayed appeal.  All of these documents showed the other attorney as counsel of record, but they also listed that attorney at respondent's address.

{¶ 4}  After respondent's license was reinstated, the court of appeals granted the motion for delayed appeal.  Respondent failed to formally reenter the case despite having assured the attorney who had taken over for him that he had done so.  Respondent also failed to file appellate briefs in the case.

{¶ 5}  In November 2000, the client discharged respondent and retained new counsel.  The client asked that respondent forward his file and all unearned fees to the new counsel.  Respondent did not send the file and falsely represented to the first attorney who had been substituted for him that he had refunded $2,000 of his client's money.

{¶ 6}  In December 2000, the client's new counsel contacted respondent directly to ask for the file and the unearned portion of the retainer.  Respondent again did not comply.  Notwithstanding this, the new counsel filed briefs in the appeal, and in May 2001, the court of appeals reversed the trial court's judgment and remanded the cause to the trial court.

{¶ 7}  With respect to another count of misconduct, the parties stipulated that respondent agreed in the summer of 1999 to represent his sister-in-law in a personal injury action.  Respondent accepted the case on a contingent-fee basis but did not reduce the agreement to writing as required by R.C. 4705.15(B).  In August 1999, respondent advised the insurance carrier of his representation and provided some of his client's medical bills.  Afterward, he did nothing to advance his client's interests.  He never submitted a settlement demand.  Moreover, while representatives of the carrier tried to pursue settlement, respondent did not supply any information.  And when his client inquired about her case, respondent blamed the carrier for his lack of progress.

{¶ 8} In April 2001, respondent and his wife separated. In July 2001, the statute of limitations on his client's personal injury action expired. In the spring, summer, and fall of 2001, his father-in-law and two attorneys tried repeatedly to learn about the status of the client's case. Respondent did not reply.

{¶ 9} With respect to the remaining two counts of misconduct, the parties stipulated that respondent did not initially cooperate in either of these investigations. Nor did respondent respond to certified and hand-delivered letters of inquiry. And while respondent did appear for two depositions about these grievances, he did not bring with him all of the documents subpoenaed for production.

{¶ 10} Consistent with the misconduct to which the parties stipulated, the panel found that respondent had violated DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and (6) (engaging in conduct adversely reflecting on an attorney's fitness to practice law); 2–106 (collection of an excessive fee); 6–101(A)(3) (neglect of an entrusted legal matter); and 7–101(A)(1) (failure to seek a client's lawful objectives), (2) (failure to carry out a contract of employment), and (3) (damage or prejudice to client during representation). Because respondent did not cooperate in relator's investigations, the panel also found that respondent had violated Gov.Bar R. V(4)(G).

{¶ 11} In recommending a sanction, the panel considered that respondent had experienced marital difficulties with his second wife during the events at issue and, in his depressed condition, had begun to abuse alcohol. Respondent has sought some counseling for this problem. In addition, the panel considered respondent's claim that he had never actually been behind in his child support and that a processing error had resulted in the notice that led to the interim suspension. Moreover, respondent claimed that he had not been paid for a great deal of legal work performed for his client before the client's criminal appeal and promised to refund $3,000 if the panel so requested.

{¶ 12} The parties suggested that respondent be suspended from the practice of law for one year and that six months of this period be stayed on the condition that he consult the Ohio Lawyers Assistance Program ("OLAP") for an evaluation within 30 days of a final order in this case and comply with OLAP's recommended treatment plan. The panel accepted this recommended sanction as consistent with *Toledo Bar Assn. v. Pommeranz* (2001), 93 Ohio St.3d 139, 753 N.E.2d 175, *Cuyahoga Cty. Bar Assn. v. Nigolian* (1999), 87 Ohio St.3d 147, 718 N.E.2d 417, and *Akron Bar Assn. v. Hoffer* (1999), 86 Ohio St.3d 97, 712 N.E.2d 116. The board adopted the panel's findings of misconduct and recommendation.

{¶ 13} We agree that respondent violated DR 1–102(A)(4) and (6); 2–106; 6–101(A)(3); and 7–101(A)(1), (2), and (3), as well as Gov.Bar R. V(4)(G). We also agree that a one-year suspension with six months stayed on conditions is a

commensurate sanction. However, in addition to the conditions recommended by the board, we impose another on the stay—that respondent pay the outstanding fine for his failure to comply with CLE requirements.

{¶ 14} Accordingly, respondent is hereby suspended from the practice of law in Ohio for one year; however, six months of this sanction are stayed on the conditions that he consult OLAP for an evaluation within 30 days of our order, that he comply with OLAP's recommended treatment plan, and that he pay any unpaid CLE sanctions. If respondent fails to meet these conditions, the stay of his suspension shall be lifted, and respondent shall serve the full suspension. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

———

Jonathan E. Coughlan, Disciplinary Counsel, and Robert R. Berger, Assistant Disciplinary Counsel, for relator.

Randall C. Treneff, pro se.