DISCIPLINARY COUNSEL v. TRENEFF.

[Cite as *Disciplinary Counsel v. Treneff,*
104 Ohio St.3d 336, 2004-Ohio-6562.]

(No. 2004–1375—Submitted September 28, 2004—Decided December 15, 2004.)

Per Curiam.

{¶ 1} Respondent, Randall Charles Treneff of Columbus, Ohio, Attorney Registration No. 0042588, was admitted to the practice of law in Ohio in 1989. On March 19, 2003, we suspended respondent's license to practice for one year, six months of which we stayed on conditions, for his neglect of clients' cases, failure to carry out contracts for professional employment, dishonesty, and other misconduct. *Disciplinary Counsel v. Treneff*, 98 Ohio St.3d 348, 2003-Ohio-1011, 785 N.E.2d 434. Respondent's disciplinary record also includes an earlier interim suspension of approximately one month for failing to pay child support. See Gov.Bar R. V(5)(A)(1)(b); *In re Treneff* (2000), 89 Ohio St.3d 1416, 729 N.E.2d 386; and *In re Treneff* (2000), 89 Ohio St.3d 1438, 731 N.E.2d 182.

{¶ 2} On February 17, 2004, relator, Disciplinary Counsel, charged respondent in a three-count complaint with having violated the Code of Professional Responsibility. Respondent was served with the complaint but did not answer, and relator moved for default pursuant to Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted the motion, making findings of misconduct and a recommendation, all of which the board adopted.

### Misconduct

{¶ 3} The first count of the complaint alleged that respondent had committed misconduct in defending a client against a criminal charge. The second count alleged that respondent failed to cooperate in the investigation of that client's grievance. The third count alleged that respondent failed to register as an attorney, pay registration fees, and provide the Attorney Registration Section his current office and residence addresses.

{¶ 4} As to Count I, evidence established that a client retained respondent on July 1, 2002, after the client was arrested for driving under the influence of alcohol. The client paid respondent $750. Respondent obtained a continuance of a preliminary hearing until August 15, 2002, and on that day he appeared on behalf of his client, entered a not guilty plea, and asked for a motion hearing on the issue of probable cause. Respondent also signed for his client a notice rescheduling the cause for October 3, 2002.

{¶ 5} On October 3, 2002, respondent's client appeared for the motion hearing, but respondent did not. Thereafter, respondent scheduled a pretrial for Novem-

ber 7, 2002, and a plea hearing for November 27, 2002, which he rescheduled for December 10 and again for December 19, 2002. Respondent did not notify his client of the December 19 hearing, and neither the client nor, apparently, respondent appeared. The court consequently issued a warrant for the client's arrest.

{¶ 6} Respondent's client was arrested on January 10, 2003, and upon his release, the client notified respondent's office of a new court date on March 12, 2003. Respondent did not appear on that date, which led to his client appearing without counsel and entering a guilty plea.

{¶ 7} According to the evidence, respondent's client also telephoned him repeatedly between July 2002 and March 2003 to discuss the client's defense. Respondent, however, regularly failed to reply to the client's messages.

{¶ 8} From these facts, the board found that respondent had violated DR 1–102(A)(6) (barring conduct that adversely reflects on the lawyer's fitness to practice law), 6–101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter), 7–101(A)(1) (requiring a lawyer to seek the client's lawful objectives through reasonable means), 7–101(A)(2) (requiring a lawyer to carry out a contract for professional employment), and 7–101(A)(3) (prohibiting a lawyer from intentionally causing a client prejudice or damage).

{¶ 9} As to Count II, evidence established that relator sent a certified letter of inquiry to respondent's office address on April 4, 2003, but although an employee signed the return receipt, respondent did not reply. On July 14, 2003, relator hand-delivered a letter of inquiry to respondent, but again he did not reply. On August 7, 2003, relator personally served respondent with a subpoena, commanding his appearance at a deposition to be held on September 16, 2003. Respondent did not appear.

{¶ 10} From these facts, the board found that respondent had violated Gov.Bar R. V(4)(G) (requiring a lawyer to assist in an investigation of misconduct).

{¶ 11} As to Count III, the evidence established that about the time of our March 19, 2003 suspension of his license, respondent closed his law practice, moved to a new residence, and took a job in another field. He did not, however, notify the Attorney Registration Section of these changes. In addition, respondent was required as of September 1, 2003, to file a certificate of registration and pay the registration fee. He did not comply with either of these requirements.

{¶ 12} From these facts, the board found that respondent had violated Gov.Bar R. VI(1)(A) (requiring a lawyer to timely file a Certificate of Registration each biennium) and Gov.Bar R. VI(1)(D) (requiring a lawyer to provide his or her current residence and office address to the Attorney Registration Section).

## Sanction

{¶ 13} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). As aggravating features of respondent's case, the board found that respondent had a history of discipline, BCGD Proc.Reg. 10(B)(1)(a), that along with the brief suspension imposed for his default on child support, involved much of the same misconduct as he committed in this case. The board further found, based on documents submitted in support of the motion for default, that respondent had committed a pattern of misconduct and multiple offenses, had failed to cooperate in the disciplinary process and had not made restitution. BCGD Proc.Reg. 10(B)(1)(c), (d), (e), and (i).

{¶ 14} The board could conceive of only one mitigating factor—respondent's testimony in the previous disciplinary action that he was depressed due to marital difficulties and had begun to abuse alcohol during that period. Because of this testimony, we ordered respondent, as a condition of the six-month stay, to submit to an evaluation by the Ohio Lawyers' Assistance Program and to comply with any recommended treatment plan. 98 Ohio St.3d 348, 2003-Ohio-1011, 785 N.E.2d 434, ¶ 12. The board noted, however, that it could not consider respondent's current mental health, substance abuse, and treatment status, because no evidence substantiated that respondent had complied with our order.

{¶ 15} Accepting the sanction suggested by relator and recommended by the master commissioner, the board recommended that respondent's license to practice law be indefinitely suspended for his misconduct.

{¶ 16} We agree that respondent violated DR 1–102(A)(6), 6–101(A)(3), 7–101(A)(1), 7–101(A)(2), and 7–101(A)(3), as well as Gov.Bar R. V(4)(G), VI(1)(A), and VI(1)(D) as found by the board. We also agree that an indefinite suspension is appropriate. As we have consistently held, neglect of legal matters and the failure to cooperate in the ensuing disciplinary investigation warrant an indefinite suspension from the practice of law. *Cleveland Bar Assn. v. Judge* (2002), 94 Ohio St.3d 331, 332, 763 N.E.2d 114; *Akron Bar Assn. v. Snyder* (1999), 87 Ohio St.3d 211, 212, 718 N.E.2d 1271.

{¶ 17} Respondent is therefore indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

Jonathan E. Coughlan, Disciplinary Counsel, and Robert R. Berger, Assistant Disciplinary Counsel, for relator.