DISCIPLINARY COUNSEL v. MCKENNA.

[Cite as *Disciplinary Counsel v. McKenna,*
108 Ohio St.3d 178, 2006-Ohio-547.]

(No. 2005–1546—Submitted September 28, 2005—Decided February 22, 2006.)

———————

**Per Curiam.**

{¶ 1} Respondent, Daniel Edward McKenna of Woodstock, Virginia, Attorney Registration No. 0069944, was admitted to the Ohio bar in 1998. On December 2, 2005, respondent was suspended for failure to file a certificate of registration and pay the fee required under Gov.Bar R. VI for the 2005–2007 biennium. 107 Ohio St.3d 1431, 2005-Ohio-6408, 838 N.E.2d 671.

{¶ 2} On December 6, 2004, relator, Disciplinary Counsel, filed a complaint charging respondent with two counts of professional misconduct. When service of the complaint on respondent by certified mail could not be completed, the complaint was served on the Clerk of the Supreme Court as respondent's agent pursuant to Gov.Bar R. V(11)(B). Respondent did not answer, and relator moved for default under Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted the motion, making findings of misconduct and a recommendation, all of which the board adopted.

Misconduct

<em>Count I</em>

{¶ 3} On December 17, 2003, a jury trial began in the case of *Barnum v. Powlette* in the Court of Common Pleas of Warren County. Respondent represented the plaintiff in that civil action.

{¶ 4} After the jury had been selected and the attorneys had presented their opening statements, the court recessed the trial for lunch. Respondent never returned to the courtroom after the recess, prompting the court to declare a mistrial.

{¶ 5} Several days later, the trial judge received a letter from respondent, who claimed that he had "started to panic" after the opening statements and had fled to his car and driven eight hours to his parents' home in Virginia. Respondent also stated in the letter that he was undergoing psychological treatment.

{¶ 6} Respondent's client in the *Barnum v. Powlette* matter retained new counsel and later filed a legal-malpractice action against respondent.

{¶ 7} The board found that respondent had violated DR 1–102(A)(5) (barring conduct prejudicial to the administration of justice), 1–102(A)(6) (prohibiting conduct that adversely reflects on a lawyer's fitness to practice law), 6–101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter), 7–101(A)(1) (requiring an attorney to seek the lawful objectives of a client through reasonable means), 7–101(A)(2) (prohibiting an attorney from intentionally failing to carry out a contract of professional employment), and 7–101(A)(3) (barring an attorney from intentionally prejudicing or damaging a client during the course of the professional relationship).

<em>Count II</em>

{¶ 8} In response to relator's initial inquiry in February 2004 about the incident described in Count I, respondent claimed that he was no longer practicing law in Ohio or elsewhere. Despite relator's requests for more information, however, respondent never provided details about any steps he might have

taken to notify clients about the termination of his practice, to return client files, or to close his client trust accounts. And though relator "strongly suggest[ed]" in a May 2004 letter that respondent contact the Ohio Lawyers Assistance Program to discuss his mental-health problems, respondent never did so.

{¶ 9} The board found that respondent had violated Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate in an investigation of professional misconduct).

### Sanction

{¶ 10} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). As aggravating factors, the board found that respondent had committed multiple offenses, had harmed a vulnerable victim, and had failed to make restitution. BCGD Proc.Reg. 10(B)(1)(d), (h), and (i). As the board noted, respondent had collected more than $51,000 in legal fees from his former client during the representation, which far exceeded the $23,000 in actual damages that the client had hoped to recover at trial when he retained respondent. After abandoning the client and causing the mistrial, respondent never returned any of the legal fees to his former client.

{¶ 11} The board also identified two mitigating factors: respondent's lack of any prior disciplinary record and the absence of a dishonest or selfish motive for the misconduct. ·BCGD Proc.Reg. 10(B)(2)(a) and (b). While the board did acknowledge respondent's visits to mental-health professionals, there was insufficient evidence in the record for the board to find that a mental-health problem had caused the misconduct or that respondent was undergoing necessary treatment that might lead to his return to the competent and professional practice of law. BCGD Proc.Reg. 10(B)(2)(g).

{¶ 12} Relator recommended that respondent's license to practice law be indefinitely suspended for his misconduct. The master commissioner and the board accepted this recommendation, with the board recommending that the suspension begin as of September 3, 2004, when the respondent assumed inactive status.

{¶ 13} We agree that respondent violated all of the provisions recited above, and we also agree that an indefinite suspension is appropriate. As we have consistently held, neglect of legal matters and the failure to cooperate in the ensuing disciplinary investigation warrant an indefinite suspension from the practice of law. *Disciplinary Counsel v. Treneff*, 104 Ohio St.3d 336, 2004-Ohio-6562, 819 N.E.2d 695, ¶ 16. Respondent's unexplained and unannounced abandonment of his client on the opening day of a jury trial was surely harmful and

embarrassing to the client and disruptive to the trial court and the jury. Respondent's actions reflect poorly on a profession that is grounded on loyalty, competence, and diligence, and his refusal to return any of the legal fees he collected from the client cannot be condoned.

{¶ 14} Accordingly, respondent is hereby indefinitely suspended from the practice of law in Ohio effective September 3, 2004, when he assumed inactive status. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON and LANZINGER, JJ., concur.

O'CONNOR, J., would indefinitely suspend respondent without credit for time served.

O'DONNELL, J., would permanently disbar respondent.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Carol A. Costa, Assistant Disciplinary Counsel, for relator.