DISCIPLINARY COUNSEL *v.* YEAGER.

[Cite as *Disciplinary Counsel v. Yeager,* 123 Ohio St.3d 156, 2009-Ohio-4761.]

*Attorneys — Misconduct — Conduct involving dishonesty — Indefinite license suspension.*

(No. 2009-0458 — Submitted April 21, 2009 — Decided September 17, 2009.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 06-067.

_____

**Per Curiam**.

{¶ 1} Respondent, Martha V. Yeager (a.k.a. Martha V. Kim), Attorney Registration No. 0041536 and registration address in New York, New York, was admitted to the practice of law in Ohio in 1989. Her license to practice law was registered inactive on September 1, 2005.

{¶ 2} The Board of Commissioners on Grievances and Discipline has recommended that we indefinitely suspend respondent's license to practice, based on findings that she misrepresented events three times during a juvenile court proceeding and also abruptly quit her client's case during one of the hearings. We accept the board findings that respondent committed this professional misconduct and the recommendation for an indefinite suspension.

{¶ 3} Relator, Disciplinary Counsel, charged respondent in a single-count complaint with multiple violations of the Disciplinary Rules of the Code of Professional Responsibility. When certified mail service of the complaint went unclaimed at respondent's attorney registration address and two other last known addresses, the board served the complaint on the Clerk of the Supreme Court pursuant to Gov.Bar R. V(11)(B). Respondent did not answer, and relator moved for default pursuant to Gov.Bar R. V(6)(F). A master commissioner appointed by

the board heard the case, made findings of fact and conclusions of law, and recommended the indefinite suspension of respondent's license. The board adopted the master commissioner's findings of misconduct and recommendation.

## Misconduct

{¶ 4} The complaint charged respondent with violating the following ethical standards in representing a client before the Cuyahoga County Common Pleas Court, Juvenile Division: DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice), 2-110(A)(2) (a lawyer shall not withdraw from employment without taking reasonable steps to avoid foreseeable prejudice to the client, including giving due notice to the client, allowing time for employment of other counsel, and delivering to the client all papers and property to which the client is entitled), 7-101(A)(3) (a lawyer shall not intentionally prejudice or damage a client during the course of the professional relationship), and 7-102(A)(5) (a lawyer shall not knowingly make a false statement of law or fact in the course of representing a client).

{¶ 5} In the case underlying these charges, respondent represented the father of a minor child in a custody, visitation, and support proceeding filed by the child's mother. The mother filed a complaint in February 2001 to modify certain court orders.

*First Misrepresentation*

{¶ 6} Relator proved that respondent misrepresented events on three occasions to the juvenile court. She made the first misrepresentation in attempting to obtain a continuance of a final hearing on support issues that had

been scheduled for January 7, 2002. Respondent moved to continue the January 7 proceeding on December 20, 2001, citing scheduling conflicts. She advised the court that she had been "previously scheduled" to appear on that date before the Berea Municipal Court and the Cuyahoga County Common Pleas Court, Domestic Relations Division.

{¶ 7} When respondent filed her motion, she was indeed scheduled to appear that January 7 in the municipal and domestic relations courts. The record shows that she had an 8:30 a.m. and a 9:15 a.m. appearance in two cases in the domestic relations court. She also had a 1:30 p.m. hearing in municipal court.

{¶ 8} But contrary to the representation in respondent's motion, all three appearances were scheduled *after* September 18, 2001, the day the juvenile court scheduled the January 7 hearing. In fact, two of the conflicting appearances were scheduled in early December 2001, less than three weeks before respondent filed her motion for continuance. Respondent thus misled the juvenile court so as to delay a ruling adverse to her client. Furthermore, her motion to continue was never received by the opposing party and was not received by the court until the hearing date. The motion was therefore denied, and the January 7, 2002 hearing proceeded as scheduled. A new child-support order was entered against respondent's client.

*Second Misrepresentation*

{¶ 9} In April 2002, respondent made a second and more blatant misrepresentation to the court in the underlying case when she filed objections to a magistrate's decision on the support issues. Respondent objected to the new child-support order, raising in addition to other arguments that she had not received notice of the decision denying the continuance. She also submitted her affidavit, stating that she had requested discovery from the mother but had not

received any response. In truth, however, respondent had propounded neither formal nor informal discovery requests. [1]

*Improper Withdrawal from Representation*

{¶ 10} Numerous motions were filed and answered, and the underlying dispute culminated in respondent's abrupt abandonment of her client. In late February 2004, the magistrate tried to hold a hearing on motions for sanctions against respondent and for attorney fees. After a lengthy exchange between counsel and the magistrate involving accusations of failure to comply with rules of court, opposing counsel began his opening statement. Respondent interrupted with this avowal:

{¶ 11} "Martha Kim, attorney for [the defendant-father], hereby resigns because this is a travesty. Let me tell you, a travesty, and I would ask the Court at this point — I move the Court to continue this and give [the defendant] time to find local counsel so that [plaintiff-mother's counsel] can start any number of motions and review motions for the next 15 years or however old this child is because, truly, I am not here.

{¶ 12} "So I'm not available for the next 15 years, and that's what this case is all about. It's about going back even though we resolved custody issues, we're re-resolving them.

{¶ 13} " * * *

---

1. In finding this representation to be false, the board also suggested that the respondent's objections deceptively overstated the number of conflicts she had with the January 7 hearing date. We see no overstatement. Contrary to the board's report, respondent did not refer to two of her conflicting cases for the first time in the objections. Though she did not name them along with the third case in her original motion to support the continuance, she did refer to having court appearances scheduled in "Cuyahoga County Domestic Relations Court such that counsel's entire morning is consumed with other court cases." Moreover, the January 7 hearings in those three cases were eventually continued, and those for two of them had been rescheduled as of respondent's December 20, 2001 continuance motion.

**{¶ 14}** "So I beg the Court to allow [the defendant] time to find new counsel because I cannot handle this case. I cannot be here. I cannot deal with this anymore because it is an absolute travesty, so I have to leave. I have a severe headache, I feel very ill, and I beg the Court to please continue the case."

**{¶ 15}** Respondent then abruptly left the courtroom, completely deserting her client. The hearing continued without her, and opposing counsel presented evidence of the cost of his time charged to his client in filing responses to respondent's baseless motions and objections.

**{¶ 16}** According to juvenile court records, respondent has never filed notice of her withdrawal as the father's attorney. On August 29, 2005, however, she replied to a notice of a hearing that had taken place on August 26 by saying that she had withdrawn from the case on March 4, 2004. The docket does not support this assertion.

**{¶ 17}** The August 26 hearing, at which respondent did not appear, had been held on the mother's motion for sanctions against respondent. The hearing resulted in a September 2005 court order calling respondent's conduct in the underlying case (including acts in addition to those present here) "spurious," "demean[ing]," and "below the standards of practice of an attorney licensed to practice law in this Court." The order required respondent to pay $11,888.50 in sanctions.

*Third Misrepresentation*

**{¶ 18}** In late December 2005, respondent moved for leave to plead instanter and to vacate the judgment granting sanctions. Respondent stated in this motion, contrary to the representation she made in her August 29, 2005 notice, that she had had no notice of the proceedings that resulted in the order of sanctions. A juvenile court judge overruled the motion and ordered respondent to

pay $7,937.50 more in attorney fees. When respondent appealed, the appellate court dismissed the case for her failure to prosecute.

*Disciplinary Rule Violations*

**{¶ 19}** In addition to misrepresenting her availability for the January 7, 2002 final support hearing, respondent made representations to the juvenile court that she had outstanding discovery demands when she did not. She also represented that she had not received notice of the August 26, 2005 hearing after first stating that she had. Finally, respondent dropped her client in the middle of a court proceeding without taking any steps to protect his interests in the proceeding. She thereby violated DR 1-102(A)(4), 1-102(A)(5), 2-110(A)(2), 7-101(A)(3), and 7-102(A)(5).

**Sanction**

**{¶ 20}** In recommending a sanction for respondent's misconduct, the board weighed the aggravating and mitigating factors in the case and compared sanctions in similar cases. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

**{¶ 21}** The board found that aggravating factors weighed against respondent, including "a pattern of misconduct and multiple offenses," "no evidence that the Respondent ha[d] acknowledged the wrongful nature of her misconduct," and "no * * * attempt to make restitution by satisfying the award of attorney fees that was levied against her." See BCGD Proc.Reg. 10(B)(1)(c), (d), (g), and (i). In mitigation, the board found that respondent has been in practice for many years without a prior incident of professional discipline. See BCGD Proc.Reg. 10(B)(1).

**{¶ 22}** As precedent, the board cited two cases, the more analogous being *Disciplinary Counsel v. McKenna,* 108 Ohio St.3d 178, 2006-Ohio-547, 842

N.E.2d 46, in which another lawyer stranded a client during court proceedings. We indefinitely suspended that lawyer because he left a courthouse in a panic after opening statements in a jury trial, providing explanation or notice to no one. His disappearance, which may have been due to psychological problems, was "embarrassing to the client" and "disruptive to the trial court and the jury" and reflected poorly on the legal profession, which must be "grounded on loyalty, competence, and diligence." Id. at ¶ 13.

{¶ 23} We agree with the board's recommended sanction here. Respondent created a similar catastrophe in this case, and neither she nor the lawyer in *McKenna* answered the complaint charging them with misconduct, leaving the disposition to be made by default. Indefinite suspension is therefore equally appropriate here. Moreover, as to respondent's misrepresentations in court filings, we have said that "[t]here is simply no place in the legal profession for those who are unwilling or unable to be honest with clients, the courts, and their colleagues," *Columbus Bar Assn. v. Cooke*, 111 Ohio St.3d 290, 2006-Ohio-5709, 855 N.E.2d 1226, ¶ 32, and, in particular, that "[l]ying to a court is unacceptable and will not be tolerated." *Disciplinary Counsel v. Furth* (2001), 93 Ohio St.3d 173, 182, 754 N.E.2d 219.

{¶ 24} Respondent is therefore indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

_____