*225 OPINION OF THE COURT
Per Curiam.
By order of the Supreme Court of Ohio on certified report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, filed September 17, 2009, and by decision of the Supreme Court of Ohio in Disciplinary Counsel v Yeager (123 Ohio St 3d 156, 914 NE2d 1046 [2009]), the respondent was suspended from the practice of law in that state indefinitely until she complies, inter alia, with the order of suspension and all other orders of that court. The bases for the respondent’s suspension were findings that she misrepresented events three times during a juvenile court proceeding and abruptly abandoned her client’s case during one of the hearings.
Ohio Disciplinary Counsel charged in a single-count complaint that the respondent, who was admitted to the Ohio Bar in 1989, committed multiple violations of the Disciplinary Rules of the Code of Professional Responsibility, to wit: DR 1-102 (a) (4), (5) (22 NYCRR 1200.3 [a] [4], [5]); DR 2-110 (a) (2) (22 NYCRR 1200.15 [a] [2]); DR 7-101 (a) (3) (22 NYCRR 1200.32 [a] [3]); and DR 7-102 (a) (5) (22 NYCRR 1200.33 [a] [5]). When certified mail service of the complaint went unclaimed at the respondent’s attorney registration address and two other last known addresses, the complaint was served on the Clerk of the Supreme Court. The respondent did not answer, and Ohio Disciplinary Counsel moved for default. A Master Commissioner appointed by the Board of Commissioners on Grievances and Discipline (hereinafter the Board) heard the case, made findings of fact and conclusions of law, and recommended an indefinite suspension. The Board in a final report dated and filed March 10, 2009, adopted the Master Commissioner’s findings and recommendation. The respondent filed no objections to the final report.
The underlying facts, which appear in the published decision of the Supreme Court of Ohio, are as follows: the respondent represented the father of a minor child in a custody, visitation, and support proceeding filed by the child’s mother. The mother filed a complaint in February 2001 to modify certain court orders. The respondent’s first misrepresentation consisted of a statement made to the juvenile court regarding her availability for a January 7, 2002 hearing, a date which had been scheduled on September 18, 2001. On December 20, 2001, the respondent moved for a continuance, citing scheduling conflicts and indicating that she had been “previously scheduled” to appear on that *226 date before two other courts. Contrary to the respondent’s representation, the Board found that the respondent’s other appearances were, in fact, scheduled after September 18, 2001. The Board determined that the respondent misled the juvenile court so as to delay a ruling adverse to her client. Moreover, the motion for a continuance was never received by opposing counsel and was not received by the court until the date of the hearing. Consequently, the motion for a continuance was denied, and a new child support order was entered against the respondent’s client.
The second misrepresentation, more blatant than the first, occurred when the respondent filed objections to a magistrate’s decision on the support issues. The respondent objected to the new child support order, stating in an affidavit that she had requested discovery from the mother but had not received any response. In fact, the respondent had propounded neither formal nor informal discovery requests.
Numerous motions were filed in the case. In late February 2004, the magistrate held a hearing on motions for sanctions against the respondent and for attorney’s fees. After a lengthy exchange between the magistrate and opposing counsel involving accusations of failure to comply with rules of the court, opposing counsel began his opening statement. The respondent interrupted, stating “Martha Kim, attorney for [the defendant father], hereby resigns because this is a travesty. Let me tell you, a travesty, and I would ask the Court at this point I move the Court to continue this and give [the defendant] time to find local counsel so that [plaintiff mother’s counsel] can start any number of motions and review motions for the next 15 years or however old this child is because, truly, I am not here.” After making this statement and reiterating her remarks about the hearing being an “absolute travesty,” the respondent abruptly left the courtroom, abandoning her client. The hearing continued without the respondent. According to juvenile court records, the respondent never filed a notice of her withdrawal as the father’s attorney. A subsequent hearing held on August 26, 2005, regarding the mother’s motion for sanctions against the respondent, resulted in an order dated September 2005. In response to a notice of the August 26, 2005 hearing, the respondent stated that she had withdrawn from the case on March 4, 2004. The docket did not support this assertion. The order dated September 2005 imposed sanctions against the respondent in the sum of $11,888.40, and characterized the respondent’s *227 conduct in the underlying case as “spurious,” “demean[ing],” and “below the standards of practice of an attorney licensed to practice law in this Court.”
The third misrepresentation occurred in late December 2005, when the respondent moved, inter alia, to vacate the judgment granting sanctions. The respondent stated in her motion papers, contrary to prior representations that she had made, that she had no notice of the proceedings that resulted in the order imposing sanctions. The juvenile court denied the motion and directed the respondent to pay an additional $7,937.50 in attorney’s fees. The respondent appealed, but the appeal was dismissed for failure to prosecute.
The Supreme Court of Ohio concluded that the respondent’s misrepresentations and abandonment of her client in the middle of a court proceeding, without taking any steps to protect his interests in the proceeding, violated DR 1-102 (a) (4), (5), DR 2-110 (a) (2), DR 7-101 (a) (3), and DR 7-102 (a) (5). In determining the appropriate sanction, the Supreme Court of Ohio took into consideration both aggravating and mitigating factors. Aggravating factors included the fact that the respondent engaged in a pattern of misconduct and committed multiple offenses, that there was no evidence that the respondent acknowledged the wrongful nature of her misconduct, and that there had been no attempt to make restitution by paying the attorney’s fees levied against her. Mitigating factors included no prior disciplinary history.
By order of the Supreme Court of Ohio on certified report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, filed September 17, 2009, and by decision in Disciplinary Counsel v Yeager (123 Ohio St 3d 156, 914 NE2d 1046 [2009]), the respondent was suspended from the practice of law in that state indefinitely until she complies, inter alia, with the order of suspension and all other orders of the court.
By order of this Court dated November 7, 2011, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) was authorized to make substituted service of its notice pursuant to 22 NYCRR 691.3 and any and all papers and/or orders related to the proceeding by regular and certified mail, and by affixing a copy of the papers to be served to the door of the respondent’s residence located in Brooklyn. On November 17 and 18, 2011, Louis Romaine, an investigator for the Grievance Committee, served the notice in accordance with the order dated November *228 7, 2011. More than 20 days have elapsed since service of the notice and the respondent has neither filed a response with the Court nor made a request to the Court for additional time in which to respond. Accordingly, there is no impediment to the imposition of reciprocal discipline at this juncture (see 22 NYCRR 691.3 [c]).
In view of the discipline imposed by the Supreme Court of Ohio, we find that the imposition of reciprocal discipline is warranted and suspend the respondent from the practice of law for a period of two years. Any application by the respondent for reinstatement to the New York State Bar will be contingent upon her reinstatement in Ohio.
Mastro, A.P.J., Rivera, Dillon, Angiolillo and Sgroi, JJ., concur.
Ordered that the petitioner’s application to impose reciprocal discipline is granted; and it is further,
Ordered that pursuant to 22 NYCRR 691.3, the respondent, Martha V Kim, admitted as Martha Virginia Kim, is suspended from the practice of law for a period of two years, commencing August 13, 2012, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than February 13, 2014. In such application, the respondent shall furnish satisfactory proof that, during said period she (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) otherwise properly conducted herself; and it is further,
Ordered that the respondent’s reinstatement shall be contingent upon her reinstatement in Ohio; and it is further,
Ordered that the respondent, Martha V. Kim, admitted as Martha Virginia Kim, shall promptly comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, Martha V Kim, admitted as Martha Virginia Kim, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee or another, (2) appearing as an attorney or counselor-at-law before any court, *229 judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Martha V. Kim, admitted as Martha Virginia Kim, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).