TOLEDO BAR ASSOCIATION *v.* VILD.

[Cite as *Toledo Bar Assn. v. Vild,*
109 Ohio St.3d 208, 2006-Ohio-2186.]

(No. 2005–2392—Submitted February 8, 2006—Decided May 17, 2006.)

---

**Per Curiam.**

{¶ 1} Respondent, Jeffrey Thomas Vild of Oregon, Ohio, Attorney Registration No. 0029535, was admitted to the Ohio bar in 1985. In 1998, we publicly reprimanded respondent for violating DR 6–101(A)(1) (prohibiting a lawyer from accepting a case that the lawyer is not competent to handle) and 6–101(A)(3) (barring a lawyer from neglecting an entrusted legal matter). *Toledo Bar Assn. v. Vild* (1998), 84 Ohio St.3d 179, 702 N.E.2d 865. In 2005, we indefinitely suspended respondent for violating DR 1–102(A)(4) (barring an attorney from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1–102(A)(6) (barring conduct that adversely reflects on an attorney's fitness to practice law), 6–101(A)(3), 7–101(A)(1) (barring an attorney from intentionally failing to seek the lawful objectives of a client), 7–101(A)(2) (barring a lawyer from intentionally failing to carry out a contract of employment), and 9–102(B)(4) (requiring prompt payment of the client's funds or the return of the client's property in the lawyer's possession), as well as Gov.Bar R. V(4)(G) (requiring attorneys to cooperate with and assist in any disciplinary investigation). *Toledo Bar Assn. v. Vild,* 106 Ohio St.3d 471, 2005-Ohio-5518, 835 N.E.2d 1255.

{¶ 2} On February 7, 2005, relator, Toledo Bar Association, filed a complaint charging respondent with four additional counts of professional misconduct. Attempts to serve respondent by certified mail were unsuccessful, and the complaint was served on the Clerk of the Supreme Court pursuant to Gov.Bar R. V(11)(B). Respondent did not answer, and relator moved for default under Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commis-

sioners on Grievances and Discipline granted the motion, making findings of fact, conclusions of law, and a recommendation, all of which the board adopted.

## Misconduct

### Count One

{¶ 3} Miguel Rizo retained respondent to represent him in a civil matter involving a home-improvement dispute. Respondent filed suit on Rizo's behalf in March 2000, but the parties resolved their dispute, and the case was dismissed without prejudice. The defendant did not perform as promised, however, and respondent stated that he would refile the complaint. But respondent never refiled the complaint and did not return Rizo's calls or keep an appointment with Rizo after agreeing to meet with him. Rizo asked respondent to return his case file in February 2003, but respondent did not reply and did not return the file. In 2004, respondent did not reply when relator asked him to respond to a grievance filed by Rizo.

{¶ 4} We agree with the board's finding that these actions by respondent violated DR 7–101(A)(1) and Gov.Bar R. V(4)(G).

### Count Two

{¶ 5} Roseanne L. Beaverson retained respondent to help her enforce the terms of her divorce decree and paid him a $400 retainer for his services. Respondent told Beaverson in September 2001 that he would take care of everything and would call her in a few weeks. Beaverson did not hear from respondent for several months, however, and she sent a letter to him in May 2002 asking him to return her case file so that she could hire another attorney. Respondent never returned the case file and never provided the legal services that he had promised. Respondent also did not reply when relator asked him to respond to a grievance filed by Beaverson.

{¶ 6} We agree with the board's finding that these actions by respondent violated DR 7–101(A)(1) and Gov.Bar R. V(4)(G).

### Count Three

{¶ 7} In May 2004, Vincente Parra hired respondent to commence bankruptcy proceedings and paid respondent a $400 retainer for his services. Respondent told Parra that he would prepare the necessary paperwork and scheduled a second meeting with Parra. Respondent canceled that second meeting, however, and never rescheduled it. Respondent did not reply to Parra's calls and never filed the bankruptcy petition. Respondent also did not reply when relator asked him to respond to a grievance filed by Parra.

{¶ 8} We agree with the board's finding that these actions by respondent violated DR 7–101(A)(1) and Gov.Bar R. V(4)(G).

### Count Four

{¶ 9} Veronica Heilman retained respondent to represent her in a civil suit after she was injured in May 2000. Respondent failed to notify Heilman about two deposition notices in her case, failed to respond to discovery requests from opposing counsel, and failed to attend a pretrial conference in the case. Respondent also failed to reply to opposing counsel's motion to dismiss the case, prompting the trial court to grant that motion and dismiss Heilman's case with prejudice in December 2002.

{¶ 10} Respondent never told Heilman that her case had been dismissed. In fact, Heilman spoke with respondent by telephone at least six times after the case was dismissed, and each time, respondent assured her that the case would proceed and she would be compensated. When respondent stopped returning her calls, Heilman filed a grievance against him. Respondent did not reply when relator asked him to respond to that grievance.

{¶ 11} We agree with the board's finding that these actions by respondent violated DR 1–102(A)(4), 6–101(A)(3), and 7–101(A)(1), as well as Gov.Bar R. V(4)(G).

### Sanction

{¶ 12} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). As aggravating factors, the board found that respondent had committed prior disciplinary offenses, engaged in a pattern of misconduct, committed multiple offenses, failed to cooperate in the disciplinary process, failed to acknowledge the wrongfulness of his actions, and harmed vulnerable victims. BCGD Proc.Reg. 10(B)(1)(a), (c), (d), (e), (g), and (h). The board found no mitigating factors.

{¶ 13} Relator recommended that respondent be permanently disbarred. The master commissioner and the board accepted this recommendation.

{¶ 14} We agree that permanent disbarment is the appropriate sanction. Respondent's history of multiple disciplinary violations, his dishonesty in the Heilman matter, his lack of cooperation in the disciplinary process, and his neglect of his clients' legal matters demonstrate that he is not fit to practice law. Attorneys must comply with the ethical requirements imposed by the Code of Professional Responsibility. Respondent has demonstrated time and again his unwillingness or inability to do so.

{¶ 15} We have imposed a sanction of permanent disbarment in similar cases. See, e.g., *Columbus Bar Assn. v. Moushey,* 104 Ohio St.3d 427, 2004-Ohio-6897, 819 N.E.2d 1112, ¶ 16 (explaining that the presumptive sanction is disbarment for those attorneys who accept retainers and then fail to carry out contracts of employment); *Cincinnati Bar Assn. v. Weaver,* 102 Ohio St.3d 264, 2004-Ohio-2683, 809 N.E.2d 1113, ¶ 15 (an attorney's "persistent neglect of his clients' interests, failure to perform as promised, failures to account for his clients' money, and lack of any participation in the disciplinary proceedings" compel his disbarment); *Greene Cty. Bar Assn. v. Fodal,* 100 Ohio St.3d 310, 2003-Ohio-5852, 798 N.E.2d 1082, ¶ 32 (ordering the disbarment of an attorney who "routinely took his clients' money and provided nothing in return").

{¶ 16} Accordingly, respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Craig F. Frederickson and Matthew J. Rohrbacher, for relator.